IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **Richard Jones** | ) | |
| | ) | **CIVIL ACTION FILE** |
| Plaintiff, | ) | **NO.** 1:21-cv-4656 |
| | ) | |
| v. | ) | |
| | ) | |
| **Graycor Southern, Inc.** | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Richard Jones, Plaintiff in the above-styled action, and hereby submits this Complaint against Defendant Graycor Southern, Inc. (hereinafter "Graycor" or Defendant).

### JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1331 (federal question) based on Plaintiff asserting causes of action against Defendant under the Age Discrimination In Employment Act of 1967 as amended, 29 U.S.C. sec. 621, *et seq*. ("ADEA"). Plaintiff is seeking declaratory relief, injunctive relief, damages, attorneys' fees and expenses of litigation to redress the deprivation of his rights by Defendant because of its discriminatory treatment of him.

1

2.

Declaratory relief is sought pursuant to 28 U.S.C. § 2201.

3.

Injunctive relief is sought pursuant to Rule 65, Federal Rules of Civil Procedure.

4.

Defendant has maintained office space and conducted business within the area encompassed by the Atlanta Division of the Northern District of Georgia, as defined under 28 U.S.C. § 1391(c), for all times relevant to the instant lawsuit, and the unlawful employment practices complained of by Plaintiff are alleged to have been committed in the State of Georgia. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. 2000e-5(f)(3).

## **PARTIES**

5.

Plaintiff is a citizen of the United States who, at all times relevant to this Complaint, resided in the State of Georgia. Plaintiff currently resides in Florida.

6.

Plaintiff was an "employee" of Defendant within the meaning of the ADEA, 29 U.S.C. § 630 (f), at all times relevant to this Complaint.

7.

Plaintiff, who is currently sixty-two (62) years old, falls within ADEA's protections from discrimination based on his age.

8.

Defendant Graycor Southern, Inc. is a Delaware corporation that may be served by any method permitted by the Federal Rules of Civil Procedure, including personal service on an officer of the company wherever it maintains a corporate office, including 2100 Barrett Park Drive, Suite 501, Kennesaw, Georgia 30144.

9.

Graycor is also registered with the Georgia Secretary of State's office and may be served through its registered agent, CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805.

10.

Graycor meets the definition of "employer" within the meaning of the ADEA.

## ADMINISTRATIVE PROCEDURE

11.

On or about May 15, 2020, Plaintiff filed a timely Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission alleging age discrimination. Such Charge of Discrimination was filed within 180 days of the occurrence of the last act on which this Complaint is based.

12.

This civil action is instituted in the appropriate federal district court within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue from the U. S. Equal Employment Opportunity Commission relating to his Charge of Discrimination against Defendant. *See* Exhibit A.

## CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

13.

This is a proceeding for a declaratory judgment as to the Plaintiff's rights and for a permanent injunction enjoining the Defendant from maintaining a policy or practice of:

A. Discriminating against Plaintiff because of his age with respect to compensation, terms, conditions, and privileges of employment.

B. Limiting, segregating, and classifying Plaintiff in ways that deprive him of employment opportunities and otherwise adversely affect his status as an employee because of his age.

## STATEMENT OF FACTS

14.

Plaintiff was hired by Early Construction, Inc. in October 2018 as Chief Estimator, and was to begin work on or about November 30, 2018 at the company's Kennesaw, Georgia office.

15.

In approximately December 2018, Early Construction Inc. became Graycor Southern, Inc.

16.

Mr. Jones remained in his position as Chief Estimator after Early Construction became Graycor.

17.

Throughout his employment with Early Construction, Inc. and Graycor, Plaintiff reported to Shawn Buchanan, Vice President and General Manager.

18.

On November 19, 2019, Mr. Buchanan terminated Plaintiff's employment because Planitiff allegedly "did not fit in to the company's culture."

19.

Graycor replaced Plaintiff with a substantially younger individual.

20.

Shortly prior to Plaintiff's termination Mr. Buchanan tasked Plaintiff with terminating two other older Graycor employees[1] and, in doing so, instructed Plaintiff to cite "performance" as the reason for termination because these two employees

---

[1] To protect their privacy, Plaintiff will refer to these employees by their initials. One was H.C. (male, age 62) and the other is J.N. (male, late 50's).

were "in the protected category."

21.

H.C. was almost immediately replaced by a much younger estimator.

22.

On multiple occasions, Mr. Buchanan told Plaintiff that J.N. was "old and weird and did not fit in to the company culture."

## COUNT I
## ADEA-AGE DISCRIMINATION

23.

Plaintiff re-alleges each and every allegation in paragraphs 1 through 22 as though set forth in full herein.

21.

Graycor has intentionally engaged in unlawful employment practices and policies in violations of the ADEA by terminating the employment of Plaintiff and others' employment because of their age.

22.

As a result of Defendant's conduct, Plaintiff has suffered lost wages and benefits.

23.

Defendant's actions were intentional and were committed with reckless

disregard of Plaintiff's federally protected rights.

24.

Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, customs, and the specific acts of discrimination as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for this Court to advance this case on the docket, to order a speedy hearing at the earliest practicable date, to cause this action to be in every way expedited, and upon such a hearing to:

1. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violate the Plaintiff's rights as secured under the ADEA;

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its officers, agents, employees, attorneys, and other representatives, and those acting in concert with them and their direction, from engaging in any employment policy or practice which discriminates against employees because of their age.

3. Grant Plaintiff judgment against the Defendant for back pay, front pay and other benefits and opportunities of employment of which he has been deprived because of Defendant's violations of the ADEA;

4. Grant Plaintiff liquidated damages for Defendant's violation of the ADEA;

5. Grant Plaintiff attorneys' fees, costs, and disbursements;

6. Grant Plaintiff trial by jury; and

7. Grant such additional and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of November 2021

<u>**s/Robert C. D. McDonald**</u>
Georgia Bar No. 489600
Attorney for Plaintiff

The Law Offices of Robert C. D. McDonald, P.C.
5410 Matt Highway
PMB 3
Cumming, Georgia 30028
(404) 314-6738 - Telephone
lawyerbobmcd@yahoo.com